**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MELISSA BECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CV-2531-JAR-JPO |
| | ) |
| MICHAEL ESTIVO, D.O. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This is a medical malpractice case brought by Plaintiff Melissa Becker against her doctor, Defendant Michael Estivo, for injuries she sustained afer two different spine surgeries. This matter is before the Court on Defendant's Motion to Dismiss (Doc. 8) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The motion is fully briefed and the Court is prepared to rule. For the reasons set forth in detail below, Defendant's motion is **denied**.

**I.     Standard**

Under Fed. R. Civ. P. 8(a), a complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[1] To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe

---

[1] Fed. R. Civ. P. 8(a)(2).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[4] but requires more than "a sheer possibility."[5]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[6] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[7] "The *Twombly* Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies.'"[8] But *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[9]

## II.    Analysis

Plaintiff's Complaint alleges that Defendant was negligent on two different occasions: (1) when he operated on her cervical spine on June 6, 2012; and (2) when he operated on her lumbar spine on October 22, 2012. Both operations, Plaintiff claims, occurred in Johnson County, Kansas. Plaintiff alleges that in both instances Defendant departed from the standard of care in his preoperative, operative, and postoperative treatment of Plaintiff, causing her to sustain

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.*

[6] 550 U.S. 544 (2007).

[7] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 1248 (quoting *Twombly*, 550 U.S. at 565 n.10).

[9] *Id.* at 1247 (citing *Twombly*, 550 U.S. at 556).

Case 2:14-cv-02531-JAR-JPO   Document 22   Filed 02/09/15   Page 3 of 4

injuries.

Defendant argues that these facts are insufficient under *Twombly* and *Iqbal*. The degree of specificity necessary to meet the plausibility standard depends on the type of case.[10] For example, the Tenth Circuit has suggested that "[a] simple negligence action" may require less detailed factual allegations than a case alleging anti-trust violations.[11] This is because "plausibility" in this context refers to the scope—not the probability—of the allegations in the complaint: "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[12] In a simple negligence action, a plaintiff can avoid this level of generality by alleging the specific time, person, or place involved.[13]

Although Plaintiff makes a conclusory allegation that Defendant was negligent, Plaintiff's allegations do not rise to the level of generality that the Court found unacceptable in *Twombly*. In this simple negligence action, Plaintiff has alleged the specific time, person, and place involved. Plaintiff alleges that Defendant acted negligently when operating on her spine on two different dates, both occurring in Johnson County, Kansas. Plaintiff specifically alleges that Defendant acted negligently in his preoperative, operative, and postoperative treatment. Defendant is therefore on notice of the conduct that Plaintiff alleges to be negligent—the

---

[10]*Id.* at 1248.

[11]*Id.*; *see also In re Semgroup Energy Partners, L.P., Sec. Litig.*, 729 F. Supp. 2d 1276, 1286 (N.D. Okla. 2010) ("A simple negligence action may require significantly less allegations to state a claim under Rule 8 than a case alleging anti-trust violations.") (citing *Robbins*, 519 F.3d at 1248).

[12]*Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 547).

[13]*See id.* at 1248 ("A simple negligence action based on an automobile accident may require little more than the allegation that defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time.").

preoperative, operative, and postoperative care on June 6, 2012 and October 22, 2012.  Thus, Plaintiff has satisfied the applicable pleading standard and has stated a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 8) pursuant to Fed. R. Civ. P. 12(b)(6) is **denied**.

**IT IS SO ORDERED.**

Dated: February 9, 2015

                                         S/ Julie A. Robinson

                                         JULIE A. ROBINSON

                                         UNITED STATES DISTRICT JUDGE