UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISSA BECKER,

Plaintiff,

v. Case No. 14-2531-JAR

MICHAEL ESTIVO, D.O.,

Defendant.

**ORDER**

In this action for medical malpractice, plaintiff Melissa Becker alleges that defendant Michael Estivo, D.O., was negligent in his care. Plaintiff asserts that, as a result of defendant's negligence, she has sustained damages. This case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendant's motion for a qualified protective order authorizing ex parte interviews with health care providers who have provided treatment or care to plaintiff **(ECF doc. 19)**. Plaintiff opposes the motion. For the reasons discussed below, defendant's motion is granted.

Plaintiff asserts that defendant, an orthopedic surgeon, operated on plaintiff's cervical spine on June 6, 2012, in Johnson County, Kansas. On or around October 22, 2012, defendant operated on plaintiff's lumbar spine. Plaintiff alleges that as a result of the negligent "preoperative, operative, and postoperative care and treatment" by defendant, she has suffered economic and noneconomic damages and will likely sustain

such damages in the future. Defendant generally denies plaintiff's allegations of negligence.

On February 2, 2015, plaintiff served her Rule 26 initial disclosures.[1] Plaintiff identified "[o]ther nurses and physicians identified in the medical records of Doctors Hospital" … "The Headache and Pain Center" … "Odessa Medical Clinic" … [and] "Mid-America Rehabilitation Hospital" … "that provided care and treatment to [plaintiff]" as individuals likely to have discoverable information. Subsequently, defendant asked plaintiff to execute a medical authorization that allowed defense counsel to meet ex parte with these treating health care providers. Plaintiff objected. Defendant filed the instant motion for an order authorizing ex parte communications with plaintiff's treating physicians or other health care providers. Defendant has submitted a proposed order.

Plaintiff filed an opposition arguing that the requested order is invalid and does not comply with the Health Insurance Portability and Accountability Act ("HIPAA")[2] or Missouri law. Specifically, plaintiff asserts that defendant's request is inconsistent with her right to patient-physician confidentiality as defined by Missouri law. Regardless of the state law applied (Missouri or Kansas), plaintiff argues that defendant's proposed order is overbroad.

[1] ECF doc. 20-1.

[2] 45 C.F.R. § 164.

First, the court must determine if there is a physician-patient privilege to be protected in this action. The parties disagree whether Kansas or Missouri law governs the issue of physician-patient privilege. Plaintiff argues Missouri law applies because plaintiff is a Missouri resident. Defendant responds Kansas law applies because Kansas is the forum state.

Under Rule 501 of the Federal Rules of Evidence—which provides the rule for determining which body of law governs matters of privilege—the court must look to state law to determine the existence of a privilege.[3] When there are factual connections to more than one state, federal courts engage in a choice-of-law analysis and employ the choice-of-law principles of the forum state.[4] The court has found no Kansas case that conducts a choice-of-law analysis specifically about evidentiary privileges. However, Kansas is among those states that still follow the Restatement (First) of Conflict of Laws.[5] Section 597 of the Restatement (First) of Conflict of Laws provides that "[t]he law of the forum determines the admissibility of a particular piece of evidence."[6] Thus,

---

[3] *See* Fed. R. Evid. 501 ("… in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.").

[4] *Skepnek v. Roper & Twardowsky*, LLC, No. 11-4102, 2014 WL 4377706, *4 (D. Kan. Sept. 4, 2014) (citing *Klaxton v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

[5] *Id. (*citing *ARY Jewelers, LLC v. Krigel*, 277 Kan. 464, 481, 85 P.3d 1151, 1161-62 (2004) ("When addressing choice of law issues, Kansas appellate courts still follow the Restatement (First) of Conflict of Laws (1934).")).

[6] Restatement (First) of Conflict of Laws § 597 (1934).

like *Skepnek*, the court concludes that the Kansas Supreme Court would apply Kansas state law to determine the applicability of privilege.[7]

Kansas physician-patient privilege is codified at K.S.A. § 60-427. However, subsection (d) of that statute states: "[t]here is no privilege [under K.S.A. § 60-427] in an action in which the condition of the patient is an element or factor of the claim or defense of the patient."[8] Where the medical condition of a patient is at issue, under Kansas law, "there is simply no privilege available to the patient."[9] Plaintiff has put her medical condition at issue. Therefore, no physician-patient privilege exists in this action. As such, none of plaintiff's medical information is protected by a physician-patient privilege.

Defendant asks the court to authorize its counsel to interview plaintiff's treating physicians or other health care providers. The proposed order expressly authorizes ex parte communications with the treating physicians. Consistent with 45 C.F.R. § 164.512(e)(1), the proposed order also prohibits the parties from using or disclosing plaintiff's protected health information for any purpose other than this litigation.

Plaintiff asserts that the alleged "court order" defendant seeks is not a valid court order and fails to satisfy HIPAA's "order" requirement. HIPAA prohibits the disclosure of protected health information. However, it allows a covered entity to disclose protected

---

[7] *See Skepnek*, 2014 WL 4377706, at *4.

[8] K.S.A. § 60-427(d).

[9] *Sample v. Zancanelli Mgmt. Corp.*, No. 07-2021, 2008 WL 508726, *1 (D. Kan. Feb. 21, 2008) (citing *Bryant v. Hilst*, 136 F.R.D. 487, 491 (D. Kan. 1991)).

health information in the course of any judicial or administrative proceeding: "in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order."[10] Although neither HIPAA nor any other regulations implementing it expressly authorize or prohibit ex parte communications with health care providers, the decisions of the District of Kansas addressing the issue have concluded that ex parte interviews are not prohibited by HIPAA, if the party seeking the interview complies with the procedural requirements of the statute for securing medical information from health care providers.[11] The court will follow the precedent allowing ex parte interviews of treating physicians, where the medical condition of plaintiff is an issue in the case, subject to compliance with HIPAA's procedural requirements for disclosure of protected health information.

Plaintiff urges the court to follow a decision by the Missouri Supreme Court which held that the regulation allowing for disclosure of protected health information in the course of a judicial proceeding does not authorize orders permitting ex parte communications between covered entities and counsel during discovery.[12] The court reasoned that "such disclosure must be under the supervisory authority of the court either through discovery or other formal court procedures" and noted that neither the regulation

[10] 45 C.F.R. § 164.612(e)(1)(i).

[11] *Pratt v. Petelin*, No. 09-2252, 2010 WL 44674, *8 (D. Kan. Feb. 4, 2010) (citing *Harris v. Whittington*, No. 06-1170, 2007 WL 164031, *2 (D. Kan. Jan. 19, 2007)).

[12] *See State ex rel. Proctor v. Messina*, 320 S.W.3d 145, 154 (Mo. 2010).

nor the Missouri Rules of Civil Procedure expressly authorize these types of orders.[13] The District of Kansas has rejected this reasoning. Notably, in *Pratt*, the court held that "[a]lthough not directly supervised by the Court, an ex parte interview of a plaintiff's treating physician nevertheless proceeds incidental to a pending law suit and to that extent may be regarded as 'in the course of' a judicial proceeding."[14] Consistent with District of Kansas precedent, the court disagrees with plaintiff—an order permitting ex parte communications with health care providers has legal effect.[15] The HIPAA regulation for disclosure in the course of a judicial proceeding can apply to the disclosure of protected health information during an ex parte interview with a health care provider for plaintiff.

Plaintiff also argues that the proposed order submitted by defendant is overly broad because it is unlimited in time or scope and would authorize any and all of her medical records from any health care provider. The proposed order is directed to "All Hospitals, Clinics, Pharmacies, Physicians, Nurses, Social Workers, Educators,

[13] *Id.*

[14] *Pratt*, 2010 WL 44674, at *8 (D. Kan. Feb. 4, 2010) (considering the opinion from the Missouri Court of Appeals for the Western District in *State ex rel. Proctor v. Messina*, No. 71326, 2009 WL 3735919 (Mo. App. W.D. Nov. 10, 2009)).

[15] There have been several decisions from the District of Kansas that have authorized ex parte interviews of treating physicians when a plaintiff has placed his or her physical and mental condition at issue. *See, e.g.*, *Pratt*, 2010 WL 44674, at *7; *Sample*, 2008 WL 508726, at *1; *Watson v. Olathe Med. Ctr.*, No. 01-2382, 2002 WL 73395, *2 (D. Kan. Jan. 8, 2002); *Lake v. Steeves*, 161 F.R.D. 441, 443 (D. Kan. 1994); *Bryant*, 136 F.R.D. at 489; *Harris*, 2007 WL 164031, at *3; *Hulse v. Suburban Mobile Home Supply Co.*, No. 06-1168, 2006 WL 2927519, *1 (D. Kan. Oct. 12, 2006).

Psychiatrists, Psychologists, Therapists, All Other Medical Institutions, Practitioners, Health Care Providers, Past and Present that have provided treatment and/or care to Melissa Becker."[16] The proposed order authorizes the unnamed providers to disclose and make available for examination and reproduction "any and all medical or mental health records and protected health information within your care, custody, or in any manner concerning" plaintiff.

The court declines to designate the following as entities specifically authorized to disclose records and information: social workers and educators. The order authorizes disclosure by health care providers. If one of the aforementioned entities has acted as a health care provider to plaintiff, the order adequately authorizes such disclosures as they are willing to provide. The court finds no reason to list them. Otherwise, the court does not find the proposed order overbroad. Defendant is entitled to discovery of medical records relevant to plaintiff's overall physical, mental, and emotional well-being, the amount of pain and suffering caused by the alleged malpractice or any other problems, and the extent of her anticipated physical and mental activity. With respect to the lack of any time period for the medical records sought, the court has found no cases in this district where a court has placed a limitation for a time period for the medical records sought.[17] Given the broad allegations of plaintiff's injuries, the court declines to add a

---

[16] ECF doc. 20-2.

[17] *Pratt*, 2010 WL 44674, at *4 (citations omitted).

time limitation in the order authorizing her health care providers to disclose her protected health information to defendant.

IT IS THEREFORE ORDERED that defendant's motion for a qualified protective order permitting ex parte interviews with treating health care providers **(ECF Doc. 19)** is granted. The court will enter a copy of the order with minor modifications.

Dated February 23, 2015 at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\14-2531-JAR-19.docx